Submitted on briefs July 18; affirmed September 6, 1933

## ELLIOTT *v.* MORK ET AL.

(24 P. (2d) 1036)

*Wm. W. Harcombe,* of Eugene, for appellant.
*Immel & Evans,* of Eugene, for respondents.

RAND, C. J. In October, 1929, plaintiff owned a residence property in the city of Portland and defendants owned a similar property in the city of Eugene. A written agreement for the exchange of said properties was entered into by plaintiff with defendants and, pursuant thereto, a transfer thereof by each to the other was made. Plaintiff now seeks to rescind the transaction on the ground of fraud. She alleges in her

complaint that she was induced to enter into the contract and to consummate the transaction by certain alleged false and fraudulent representations which, she alleges, were made to her by the defendant, C. H. Mork, and were in respect to the manner of construction and the physical condition of the house which she received in exchange for the property she conveyed to the defendants.

The answer denied all allegations of fraud and the making of any of said representations and, as a defense to the suit, alleged that before the exchange of the properties was consummated, plaintiff's father, who plaintiff admitted was acting as her agent, had made a careful inspection of the property at Eugene and had knowledge of its condition and of the matters and things in respect to which the representations were alleged to have been made.

Upon the trial, it was clearly shown that not only plaintiff's father but also plaintiff herself had visited and inspected the property and had been given full opportunity to investigate as to all said matters and had knowledge of the condition of the property at the time she acquired it. From the testimony, the learned trial judge found that the representations had not been made; that, while there were some defects in the construction of the house, they could have been remedied without great expense to plaintiff; that a careful inspection of the house had been made, and that plaintiff had knowledge or should have known from the inspection made of its condition; and that defendants had fully complied with their contract, but that plaintiff had not performed the contract upon her part in that, as a part of the transaction, she had promised to deed a strip of property to defendants upon which was lo-

cated a garage and which she represented as a part of the Portland property to be deeded to the defendants as a consideration for the exchange of said properties. The learned trial judge also found that, if a rescission could be granted in the case, it would be impossible for plaintiff, under the facts proven, to place the defendants in statu quo. A careful consideration of this record convinces us that all said findings were amply sustained by the evidence and that plaintiff is not entitled to the relief prayed for or for any relief whatever.

██ It is well settled that when a person contracting to purchase or exchange lands may discover the fraud by the use of due diligence in investigating the statements alleged to be false and is afforded ample opportunity to do so but fails to avail himself of it, he cannot avoid his contract on the ground of fraud. *Ziegler v. Stinson,* 111 Or. 243 (224 P. 641), and authorities there cited; *Milton v. Hare,* 130 Or. 590 (280 P. 511); *Shafer v. Ekstrand,* 140 Or. 582 (14 P. (2d) 287). This rule, we think, is especially applicable to the facts of this case and that, if the representations had been made as alleged, they were in respect to matters which were open to observation and their truth or falsity would have been discovered if any diligence had been used by plaintiff or her agent during the different times the evidence shows they visited and inspected the property. These parties were dealing with each other at arm's length and there was no relation of trust or confidence existing between them. Under the circumstances disclosed by the evidence, each party was anxious to make the deal and, after an independent investigation, each was relying upon his own judgment.

The property which the defendants conveyed to the plaintiff was a valuable property and located in one of

the choicest residential parts of the city of Eugene. The house had been built upon a side-hill and the evidence shows that where houses are built in locations of that character, unexpected seepage from underground springs is apt to occur and that, unless in such cases drainage is provided, damages may result to the foundations of such buildings, even though the foundations were constructed with the greatest care and skill. The evidence shows that, after she acquired title to the property, plaintiff and her parents took possession and lived in the house in question the following winter and moved away the next spring, after which they took no care of the property and made no effort to rescind the contract until the commencement of this suit on the 22d day of September, 1930, when, without returning or offering to return any of the property received, plaintiff sought a rescission of the contract. The evidence also tends to show that the damages complained of were caused largely, if not entirely, by seepage which occurred after plaintiff took possession of the property and which could have been avoided had proper steps been taken in time.

Again, the evidence shows that plaintiff, in acquiring title to the property, assumed a mortgage indebtedness to a third party and that, because of her default, the title to the property has now passed to another person who is not a party to this litigation, thereby rendering it impossible for plaintiff to restore the defendants to their original position.

■ It is the rule that a right to rescind a contract for the exchange of realty, as with all other contracts, must be exercised within a reasonable time after the discovery of the fraud and that delay after knowledge of the fraud, not sufficiently excused, is fatal to relief

in equity for fraud in the procurement of the contract. If there was fraud in the procurement of the contract, as contended for, there is no excuse given for plaintiff's delay in exercising her right to rescind the contract within a reasonable time after the alleged discovery of the fraud. We find, however, as did the trial court, that the evidence wholly fails to establish fraud in the procurement of the contract.

For these reasons, the decree of the lower court is affirmed.